Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CONNOR DUANE GOODMAN,<br><br>Defendant. | 4:22-CR-06001-MKD-2<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following Sentencing Memorandum. The United States recommends a sentence of 37 months incarceration, followed by 3 years of supervised release. The United States recommendation is a fair, just, and reasonable sentence that is no greater than necessary to meet the interests of federal sentencing principles.

## I. Background

The United States relies on the facts provided in the plea agreement and the United States Probation Office's (USPO) draft Pre-Sentence Investigation Report (PSIR). (ECF Nos. 98 and 105). The United States reserves the ability to present

additional facts and exhibits as necessary at the sentencing hearing to address any of the Court's concerns.

On March 16, 2023, Defendant plead guilty to Conspiracy to Make or Possess an Unregistered Destructive Device, in violation of 18 U.S.C. § 371. The Defendant's charge stems from an investigation into a group of individuals, including the Defendant, that espoused anti-government/anti-authority ideals and prepared to act against the government for perceived government overreach.

## II. Base Offense Level & Enhancements

The United States concurs with the USPO's calculation of an adjusted offense level of 21. ECF No. 105, ¶107. The United States concurs the base offense level of 18 should be increased by 2 levels because the improvised explosive device is a destructive device. Furthermore, the United States concurs with the USPO's inclusion of a four-level enhancement because the Defendant possessed the improvised explosive device with the knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense. *Id.*, ¶¶39-40.

## III. Defendant's PSIR Objections

The Defendant has not submitted objections to the draft PSIR.

## IV. 18 U.S.C. § 3553(a)

The totality of the circumstances in this case favors a sentence of 37 months imprisonment followed by three-years supervised release. A sentence of 37 months imprisonment is a fair sentence that is no greater than necessary to meet the interests of federal sentencing principles.

a. Nature, Circumstances, and Seriousness of the Offense:

The nature and circumstances of this case warrant a 37-month sentence. The Defendant's acts in this case are beyond serious and egregious. The Defendant actively supported the construction of a homemade improvised explosive device by supplying the explosive material to co-Defendant Daniel Anderson. Prior to obtaining the material, co-Defendant Anderson contacted members of the group soliciting the

material. The Defendant made an active choice to volunteer his services to obtain the material for Anderson. Throughout the course of this conspiracy, the Defendant engaged numerous decision points where he could have taken steps to withdraw his involvement. Instead, the Defendant provided his full-fledged support.

Furthermore, the device that was subsequently developed was a device designed to inflict injury and harm individuals. In the words of Anderson, the device was constructed with the capability of throwing shrapnel 20 yards. Moreover, the construction of this device was developed with the intent that it would be used at some point in support of the goals espoused by the group.

Equally concerning is Defendant's stockpile of weaponry, including a short-barreled shotgun and rifle, and Tannerite. The shotgun was specifically discussed throughout the discovery as having been manufactured or modified by Anderson for Goodman.

The significant dangerousness and illegality of this device and Defendant's firearms warrants a sentence of 37 months. A sentence of 37 months is sufficient to reflect the seriousness and egregiousness of the Defendant's actions.

b. Characteristics and Criminal History of Defendant:

The Defendant has no criminal history aside from the current conviction. A review of the Defendant's personal and family data contained in the PSIR does not exhibit any abnormal characteristics warranting a mitigated sentence. In fact, it appears from the PSIR Defendant had a normal and stable upbringing.

Defendant is reasonably educated, is intelligent, and can critically think. While this is often viewed as a positive trait, it is equally aggravating under the circumstances of this case because Defendant clearly has the capacity to know right from wrong and could have easily prevented his involvement in this offense.

Additionally, throughout the course of this conspiracy, Defendant operated as part of the leadership apparatus of the group. Defendant actively planned trainings, in

conjunction with Anderson and others, as well as developed methods and plans on how to recruit more individuals into the group.

When considering the characteristics of Defendant, coupled with his leadership of the group, a sentence of 37 months is more than appropriate.

c. Public Safety, Deterrence, and Consistency of Sentences:

A sentence of 37 months incarceration is appropriate to protect the public and meet the interests of general and specific deterrence. A sentence of 37 months will ensure the public knows engaging in criminal acts such as these are met with significant consequences. Moreover, a sentence of 37 months is appropriate because it appropriately reflects Defendant's disregard for the law and authority.

Furthermore, a sentence of 37 months is consistent with other sentences for similar misconduct. *See United States v. Young*, 265 Fed.Appx. 573, *1 (9th Cir. 2008) (unpublished) (defendant's sentence of 37 months imprisonment was appropriate where defendant was convicted of possession of a destructive device); *see also United States v. Dominguez*, 104 F.3d 366, 1 (9th Cir. 1996) (unpublished) (defendant sentenced to 37 months imprisonment after having plead guilty to possession of an unregistered destructive device). Accordingly, when considering the need for consistency in sentencing, the United States recommendation is in the heartland of an appropriate sentence for this misconduct.

d. Rehabilitation and Programming:

A sentence of 37 months is appropriate because it will allow Defendant to avail himself of the numerous educational and vocational programs available in the Bureau of Prisons. Additionally, the PSIR does indicate Defendant has previously used controlled substances. ECF No. 105, ¶¶69-73. While the PSIR does not indicate Defendant has a substance abuse disorder, should Defendant feel inclined to seek treatment, a term of imprisonment and supervised release will provide those opportunities.

Regarding supervised release, the United States recommends the Court impose a term of 3 years supervised release. This will provide Defendant the proper amount of supervision and opportunity to obtain employment and services with the assistance of the USPO.

## V. Conclusion

Accordingly, the United States recommends the Court impose a sentence of 37 months imprisonment followed by 3 years of supervised release. The above sentence is a just sentence that is no greater than necessary to meet the interests of federal sentencing principles.

Dated: August 11, 2023.

Vanessa R. Waldref
United States Attorney

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charlie Varni

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney