THE HONORABLE MARY K. DIMKE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CONNOR DUANE GOODMAN,<br><br>Defendant. | No. 4:22-CR-06001-MKD-2<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Comes now, Conner Duane Goodman, by and through his attorney, Charles Varni, respectfully submits this sentencing memorandum. Sentencing is scheduled for Thursday August 31, 2023, at 11:00AM.

## **FACTS**

On March 16, 2023, Conner Goodman entered a guilty plea to one count of **Conspiracy to Make or Possess and Unregistered Destructive Device**, as charged in Count 1, in violation of Title 18, United States Code, Sections 371.

DEFENDANT'S SENTENCING MEMORANDUM

Page 1 of 10

CHARLIE VARNI
NEWTON & HALL, ATTORNEYS AT LAW, PLLC
610 CENTRAL AVENUE SOUTH
KENT, WASHINGTON 98032
(253) 852-6600 - FAX (253) 852-6800

## GUIDELINES CALCULATION

The Defense concurs with the sentencing guideline calculations put forth by both the Probation Office and the Government. Mr. Goodman has no criminal history. Mr. Goodman's advisory guideline calculation for Count 1 would place him with a score of 21 resulting in a sentencing range of 37-46 months of confinement. Since the time of his initial appearance, Mr. Goodman has been electronically monitored and confined to his home. Mr. Goodman has been monitored by the Western District of Washington and has had no issues while on home detention. Mr. Goodman has pleaded guilty as charged and is respectfully asking this Court to deviate from the guidelines and find that he has served a sufficient sanction while he has been confined to his home throughout the pendency of this case. Defense further recommends that this Court require Mr. Goodman to spend three years on Supervised Release.

## SENTENCING RECOMMENDATION

The United States Supreme Court has outlined a protocol for sentencing. The District Court should begin all sentencing proceedings by correctly calculating the applicable guideline range. As a matter of administration and to secure nationwide consistency, the guidelines should be the starting point and the initial benchmark. The guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the District Court Judge should then consider all of the USSG Sec. 3553(a) factors to determine whether these factors support the sentence requested by a party. In so doing, the District Court Judge may not presume that the guideline range is reasonable.

The District Court Judge must make an individualized assessment on the facts presented. If the District Court Judge decides that an outside guideline sentence is warranted, the Judge must

DEFENDANT'S SENTENCING MEMORANDUM

Page 2 of 10

CHARLIE VARNI
NEWTON & HALL, ATTORNEYS AT LAW, PLLC
610 CENTRAL AVENUE SOUTH
KENT, WASHINGTON 98032
(253) 852-6600 - FAX (253) 852-6800

consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. After settling upon the appropriate sentence, the District Court Judge must adequately explain the chosen sentence to allow for meaningful review and to promote the perception of fair sentencing. See, Gall v. United States, 552 U.S. 220, 128 S.Ct. 586 (2007), citing Rita v. United States, 551 U.S. 338, 127 S.Ct. 738 (2007).

The Government, United States Probation, and the Defense have all come before the Court with recommendations. The Defense's recommendation deviates below the guideline range. The United States Government is requesting 37 months incarceration followed by three years of Supervised Release. The Defense implores this Court to deviate from the guidelines and follow the Defense recommendation.

The Defense respectfully requests that the court consider sentencing Mr. Goodman to three years of Supervised Release and find that further incarceration not be appropriate because Mr. Goodman has remained on electronic home detention throughout the pendency of this case. This is a case in which Mr. Goodman immediately took responsibility for his actions and took the necessary steps to get the help necessary to ensure this behavior never happens again. Mr. Goodman has been fully compliant during the pendency of this case and has freely accepted what he knows will be significant repercussions.

Mr. Goodman has several mitigating factors that makes Supervised Release an appropriate sentence:

**1.    The nature and circumstances of the offense.**

The Government would like this Court to sentence Mr. Goodman to 37 months of incarceration due to what they claim is such an egregious offense. It is the position of the Defense that the facts and circumstances of the events are far less egregious than the co-defendant's. It is

DEFENDANT'S SENTENCING MEMORANDUM

Page 3 of 10

CHARLIE VARNI
NEWTON & HALL, ATTORNEYS AT LAW, PLLC
610 CENTRAL AVENUE SOUTH
KENT, WASHINGTON 98032
(253) 852-6600 - FAX (253) 852-6800

Defense's understanding that the co-defendant, Mr. Anderson, was sentenced to one year and one day. Defense argues that the plea agreements for both parties demonstrate that Mr. Goodman was far less of an actor than Mr. Anderson. I would note that Mr. Goodman never created a destructive device, nor did he demonstrate an intention to harm the police or anyone else.

With that being said, Mr. Goodman has pleaded guilty for his participation in this crime. Mr. Goodman, since the beginning of this case, has demonstrated that he understands the dangerous situation that he helped facilitate. There is no excuse for this conduct. Mr. Goodman has continually exhibited that he understands that reality and understands that it is important to take responsibility and face a sanction for what he has done. *See Statement of Conner Goodman*.

It is important to remember the political context of when these crimes happened. Although there is no excuse for the behavior of either of the defendants in this case, it is important to recognize that the political climate, the radicalization of people's thoughts, and the overall societal temperature of the Country during this time was unprecedented. I do not believe that it is beyond reason to say that many law-abiding citizens were not behaving appropriately. The Country was on edge. Sides were being chosen. The leadership of this Country inflamed what I would suggest were normally reasonable persons. Unfortunately, Mr. Goodman was caught up in this flood of passion, angst, and direct opposition to authority. Mr. Goodman acknowledges this and knows that it was wrong. Mr. Goodman, as you can see in his statement, was pre-disposed into wanting to be a leader and wanting recognition for what he believed were his own shortcomings. *Id*.

The fact of is that the materials Mr. Goodman provided to his co-defendant could very well severely injured his own friend, Mr. Anderson, they could have hurt another person or harmed a law enforcement officer. The reality is that it was criminal conduct and neither the

DEFENDANT'S SENTENCING MEMORANDUM

Page 4 of 10

CHARLIE VARNI
NEWTON & HALL, ATTORNEYS AT LAW, PLLC
610 CENTRAL AVENUE SOUTH
KENT, WASHINGTON 98032
(253) 852-6600 - FAX (253) 852-6800

Defense nor the Defendant are before this Court to make excuses. With that caveat, the Defense's recommendation to this Court is reasonable in light of Mr. Goodman's particular conduct in this case. Additionally, Mr. Goodman has been on electronic detention for a very long time with no issues of non-compliance. Even further, Mr. Goodman had the opportunity to be removed from his monitoring device and has decided to remain on the device to show this Court his dedication to compliance and further demonstrate how successful he will be while on Supervised Release.

**2. Characteristics and Criminal History of Mr. Goodman.**

The United States Probation Office completed a presentence investigation report that does an excellent job describing Conner Goodman. This Court will see while reviewing the presentence report that Conner Goodman is a highly educated and intelligent young man. Conner was clearly an asset to our society and has the potential and the drive to continue to do so.

Mr. Goodman has no criminal history. Conner Goodman has lived his life as a law-abiding citizen. In his interview with United States Probation Mr. Goodman takes responsibility for his past mistakes and missteps. Vowing again, to strive to be a productive member of society and a wholesome, healthy, and responsible member of his family and the future he wants for himself and his loved ones. The honesty and responsibility that Mr. Goodman has demonstrated throughout the pendency of this case should be looked at as a man realizing maturity and a man accepting his faults in an attempt to grow and continue to become a better person. Remaining out of custody will allow Mr. Goodman to maintain his upward trajectory into a healthy life and an asset to the greater community.

**3.        Public Safety, Deterrence, and Consistency with Sentences.**

DEFENDANT'S SENTENCING MEMORANDUM

Page 5 of 10

CHARLIE VARNI
NEWTON & HALL, ATTORNEYS AT LAW, PLLC
610 CENTRAL AVENUE SOUTH
KENT, WASHINGTON 98032
(253) 852-6600 - FAX (253) 852-6800

Mr. Goodman is fully cognizant of the danger that he created with his reckless participation in this case. Mr. Goodman has also taken responsibility for those actions. Although Mr. Goodman was clearly a part of this action, he never made an explosive device. Mr. Goodman never had in his possession any sort of an explosive device nor did he ever direct persons to utilize a device against another person. Mr. Goodman made a mistake in his actions; it is the position of Defense that he did not intentionally threaten public safety with his stupidity. Mr. Goodman was caught up in a politicized fantasy fueled by his personal insecurities and he is doing what he can to make up for that now. *Id.*

Mr. Goodman's statement and responsibility has demonstrated significant deterrence for him to ever repeat his actions. Additionally, the significant media coverage of the arrests of these two defendants has served as a significant deterrence to this kind of radicalized misbehavior. Lastly, the prison sentence to the more culpable co-defendant has served as a sufficient deterrence to society as a whole and a prison sentence here for Mr. Goodman would not further such deterrence.

Given Mr. Goodman's role in the facts and circumstances of this case, it is the Defense's position that the recommendation provided by Defense is consistent with the actions and participation of Mr. Goodman in comparison with his co-defendant. The Defense would respectfully request that this Court recognize his limited participation in the overall scheme of this case and sentence him accordingly. Defense would posit that the most appropriate sentence would be credit for the lengthy amount of time Mr. Goodman has spent on pretrial supervision and sentence Mr. Goodman to three years of supervised release.

DEFENDANT'S SENTENCING MEMORANDUM

Page 6 of 10

CHARLIE VARNI
NEWTON & HALL, ATTORNEYS AT LAW, PLLC
610 CENTRAL AVENUE SOUTH
KENT, WASHINGTON 98032
(253) 852-6600 - FAX (253) 852-6800

### 4. Rehabilitation and Programming

Since the time of his arrest, Mr. Godman has engaged in mental health services and continues to work on himself. Mr. Goodman put himself in a more mentally stable position where he can address these allegations in a responsible manner. Despite the immense stress a case such as this can put on a person and their loved ones, Mr. Goodman has improved himself mentally and recognized that he did and does have mental health struggles that he needs to be cognizant of. It is a testament to his character that he has begun to address these challenges and availed himself to services.

Furthermore, Mr. Goodman has demonstrated that he can be fully compliant any order of this Court. If this Court wishes for Mr. Goodman to continue with further programming and services while on Supervised Release, he is more than happy and willing to participate. Mr. Goodman is willing to engage in any sort of rehabilitation that he can avail himself to that will further allow him to be a productive member of society, a loving family member, and a strong partner to his significant other.

### 5. Mr. Goodman was fully compliant with his pretrial monitoring.

After Mr. Goodman's first appearance he was required to be on pretrial monitoring. Mr. Goodman has been fully compliant with his monitoring. Additionally, he has been able to obtain and maintain gainful employment throughout the pendency of this case. Furthermore, Mr. Goodman has been on pretrial monitoring for a vey long time and even when offered the chance to be removed, remained on monitoring to demonstrate this Court how seriously he has taken the situation he has put himself in. Mr. Goodman understands that it was his actions that put society as a whole in danger. Mr. Goodman remained on monitoring to demonstrate to this Court that he

DEFENDANT'S SENTENCING MEMORANDUM

Page 7 of 10

CHARLIE VARNI
NEWTON & HALL, ATTORNEYS AT LAW, PLLC
610 CENTRAL AVENUE SOUTH
KENT, WASHINGTON 98032
(253) 852-6600 - FAX (253) 852-6800

understands the gravity of his actions. Mr. Goodman has demonstrated that he can comply with any order of the Court and is willing to engage with helpful resources.

### 6. Mr. Goodman has family and community support.

Mr. Goodman is supported by an incredible number of persons from his family and the greater community. *See Letters in Support of Mr. Goodman*. Mr. Goodman has been a kind and compassionate person his entire life. Mr. Goodman continues to have gainful employment and has been able to maintain that employment throughout the pendency of this case. In fact, he has excelled. Everyone understands the potential that Mr. Goodman has demonstrated and continues to work towards. All persons who have shown support for Mr. Goodman understand that he has made a mistake and taken responsibility for it but want to see him continue to excel at the new man he has become.

///

///

///

///

DEFENDANT'S SENTENCING MEMORANDUM

Page 8 of 10

CHARLIE VARNI
NEWTON & HALL, ATTORNEYS AT LAW, PLLC
610 CENTRAL AVENUE SOUTH
KENT, WASHINGTON 98032
(253) 852-6600 - FAX (253) 852-6800

## CONCLUSION

Given the foregoing information, we would urge the Court to sentence Mr. Goodman in accordance with the Defense's recommendations.  Defense respectfully requests that this Court sentence Mr. Goodman to credit for time served for the many months that he has been held on electronic home detention and order him to be on three years of supervised release.

DATED this   24th    day of AUGUST, 2023.

    Respectfully submitted,

/s/ *Charlie Varni*
CHARLIE VARNI, WSBA #46662
Newton & Hall, Attorneys at Law, PLLC
610 Central Avenue S.
Kent, WA  98032
Phone: 253-852-6600
Fax:    253-852-6800
Email: charlie@newtonandhall.com
Counsel for Defendant – Mr. Conner Goodman

DEFENDANT'S SENTENCING MEMORANDUM

Page 9 of 10

CHARLIE VARNI
NEWTON & HALL, ATTORNEYS AT LAW, PLLC
610 CENTRAL AVENUE SOUTH
KENT, WASHINGTON 98032
(253) 852-6600 - FAX (253) 852-6800

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the plaintiff.  Attorney of record was also served via e-mail.

<u>s/ Angel Lombardo</u>
Angel Lombardo
Paralegal
Newton & Hall, Attorneys at Law, PLLC
610 Central Avenue S.
Kent, WA  98032
Phone: (253) 852-6600
FAX:   (253) 852-6800
E-Mail: angel@newtonandhall.com

DEFENDANT'S SENTENCING MEMORANDUM

Page 10 of 10

CHARLIE VARNI
NEWTON & HALL, ATTORNEYS AT LAW, PLLC
610 CENTRAL AVENUE SOUTH
KENT, WASHINGTON 98032
(253) 852-6600 - FAX (253) 852-6800